IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DITTRICK DAVID WILLIAMS, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 3:22-CV-275-RAH-KFP |
| STATE OF ALABAMA, | ) |
| Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Dittrick David Williams, appearing pro se, initiated this action in May 2022 alleging Defendant State of Alabama wrongfully prevented him from raising a constitutional challenge in a state court proceeding and asserting the Circuit Court of Lee County, Alabama, impermissibly ignored precedent. Doc. 1. Before the Court is Alabama's Motion to Dismiss (Doc. 8), to which Williams submitted a response (Doc. 12). Williams also filed a Motion to Amend (Doc. 13) with a proposed First Amended Complaint (Doc. 13-1). Because the State has sovereign immunity and the proposed First Amended Complaint would be futile, the undersigned RECOMMENDS the State's Motion to Dismiss be GRANTED and the Motion to Amend be DENIED.

**I.      LEGAL STANDARD**

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While detailed factual allegations are not required, a plaintiff must present "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Generally, courts read complaints by pro se plaintiffs more liberally than those drafted by attorneys. *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008). Yet, courts do not have "license to serve as *de facto* counsel . . . or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009). All litigants, pro se or not, must comply with the Federal Rules of Civil Procedure. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

## II.   DISCUSSION

The State moves to dismiss, among other grounds, based on sovereign immunity. Doc. 8 at 3 (citing U.S. Const. amend. XI; Ala. Const. art. I, § 14). Meanwhile, Williams requests to amend his Complaint to remove and add defendants, provide a statement of facts, and modify his claim for relief to seek punitive damages of $100,000 and $5,000 in legal fees. Docs. 13, 13-1. The Court addresses each motion below.

### A.   The State's Motion to Dismiss

The State maintains it is not subject to suit or liability because of sovereign immunity under the Constitutions of the United States and the State of Alabama. Doc. 8 at 3. The State notes it has neither waived its immunity nor consented to suit. *Id.* (citing

2

*Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–100 (1984)). Williams responds that the State remains subject to this action regardless of immunity. Doc. 12 at 2. Williams states, "Where immunities may lie, there is still the concept of [b]reach of [t]rust by employees of governmental organizations. Were governmental officials not checked, [e]states and [t]rust of the [U]nited States would be violated and violators subject to [t]ort [c]laims." *Id.* Finally, Williams declares, "[T]he complaint at hand is not being filed for employees, it is being filed against the State of Alabama and its court system in which its employees have abused their position . . . ." *Id.* Williams, accordingly, acknowledges his action is against the State of Alabama rather than its agents. *Id.*

Sovereign immunity shields state governments from suit in federal court except when Congress validly abrogates sovereign immunity or the state consents to suit by waiving sovereign immunity. *See College Sav. Bank v. Fla. Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 669–70 (1999); *Stroud v. McIntosh*, 722 F.3d 1294, 1298 (11th Cir. 2013). Absent either exception, a private citizen may not maintain an action against a state for damages. *Stroud*, 722 F.3d at 1297 (citing *Fed. Mar. Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 751–52 (2002)). If a claim is barred by sovereign immunity, federal courts lack subject matter jurisdiction and must dismiss the case. *McClendon v. Ga. Dep't of Cmty. Health*, 261 F.3d 1252, 1256 (11th Cir. 2001) (citing *Vt. Agency of Nat. Res. v. United States*, 529 U.S. 765, 778 (2000)).

Here, Williams has impermissibly sued the State, and the Court lacks jurisdiction. Williams included the State as the only Defendant in this action, and Williams noted in his response that his suit is solely against the State. Williams has not pointed to any

Congressional abrogation or voluntary waiver of the State's sovereign immunity. Therefore, the Complaint is barred by sovereign immunity and is due to be dismissed.

### B. Williams'ss Motion to Amend

Williams has submitted a proposed First Amended Complaint that would dismiss the State as a party, add state and local officials as defendants, provide a conclusory statement of facts, and clarify the claim for relief to include $100,000 in punitive damages and $5,000 in legal fees. Doc. 13-1. Federal Rule of Civil Procedure 15(a) permits a party to "amend its pleading once as a matter of course within: (A) 21 days after serving it; or (B) if the pleading [requires] a responsive pleading . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f)[.]" Fed. R. Civ. P 15(a). Otherwise, a party seeking to amend must procure the court's leave or the opposing party's consent. Fed. R. Civ. P. 15(a)(2). When sought, courts should freely grant leave to amend. Fed. R. Civ. P. 15(a)(2).

However, if an amendment would be futile, a court should not grant leave. Fed. R. Civ. P. 15(a)(2); *Stringer v. Jackson*, 392 F. App'x 759, 760 (11th Cir. 2010) (citing *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262–63 (11th Cir. 2004)). Amendment is futile if the amended complaint would still be dismissed. *Stringer*, 392 F. App'x at 760 (quoting *Hall*, 367 F.3d at 1263). When considering if an amendment would be futile, the court may consider whether the amended complaint would state a claim on which relief can be granted and any relevant affirmative defenses. *Wyatt v. BellSouth, Inc.*, 176 F.R.D. 627, 631 (M.D. Ala. 1998) (citing *Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993)).

Here, the proposed amendment would be futile. Construed liberally, the proposed amendment attempts to assert a cause of action against the defendants for ignoring Federal Rule of Civil Procedure 5.1, 28 U.S.C. § 2403, and precedent from the Supreme Court of Michigan and the United States Court of Appeals for the Sixth Circuit. Doc. 13-1 at 4. Williams seeks to name as defendants Lee County, Alabama; the Lee County Commission; the Chairman of the Lee County Commission, Bill English; Michael Clay, individually and in his official capacity as Lee County's 37th Judicial District Magistrate Judge; Margaret Ann, individually and in her official capacity as Assistant District Attorney; and Mary Bishop, individually and in her official capacity as Lee County Circuit Court Clerk. *Id.* at 3. Because the proposed First Amended Complaint would fail to state a claim upon which relief can be granted, it is futile, and the motion to amend must be denied.

Williams'ss allegations are based on perceived violations by local government and state officials of the Federal Rules of Civil Procedure, a federal statute regarding federal judicial procedure, and non-binding precedent in a state court proceeding. First, Williams makes no allegations against, or mention of, the Lee County government officials other than their inclusion in the First Amended Complaint's caption, and no inference can be drawn that these defendants had any involvement in the actions described in the Amended Complaint. Accordingly, taking the allegations as true and construing the pleading liberally, Williams has not stated a plausible claim to relief against those defendants.

Granting leave to add those individuals and entities as defendants would be futile.[1] *See Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

Second, the remaining defendants, Judge Michael Clay, Assistant District Attorney Ann, and Mary Bishop, the Lee County Circuit Court Clerk, would be shielded by sovereign and absolute immunity. Williams impermissibly seeks monetary damages from these individuals in their official capacities. Sovereign immunity proscribes damages actions against state agents as well as the state itself. *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001). Thus, to the extent Williams requests to sue these state officials for monetary damages, his claims would be barred. In their individual capacities, these individuals are safeguarded by absolute immunity.

When acting in judicial functions and within their jurisdiction, judges are immune from suit and liability. *Smith v. Shook*, 237 F.3d 1322, 1325 (11th Cir. 2001) (citing *Harris v. Deveaux*, 780 F.2d 911, 914 (11th Cir. 1986)). Williams asserts the Lee County Circuit Court improperly ignored procedural rules and statutes as well as precedent in a child support case. Doc. 13-1. Deciding actions based on procedural rules, statutes, and case law is a judicial function. Likewise, there is no indication that adjudicating child support cases is an action devoid of jurisdiction in the Lee County Circuit Court. Therefore, Williams's allegations against Judge Clay are barred by absolute judicial immunity.

Similarly, prosecutors enjoy absolute immunity for prosecutorial functions as an advocate. *Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 1999) (quoting *Jones v. Cannon*,

---

[1] These potential defendants include Lee County, Alabama, the Lee County Commission, and Lee County Commissioner, Bill English.

6

174 F.3d 1271, 1281 (11th Cir. 1999)). Although the proposed First Amended Complaint is mostly devoid of specific allegations, Williams likely asserts Assistant District Attorney Ann improperly impeded his ability to raise a constitutional challenge. This claim necessarily contemplates Ann's conduct as an advocate in the prosecutorial function, as it involves the introduction or exclusion of evidence and arguments by opposing counsel. *See Rivera v. Leal*, 359 F.3d 1350, 1353 (11th Cir. 2004) ("The prosecutorial function includes . . . most appearances before the court, including examining witnesses and presenting evidence[.]"). Thus, Williams's claims against Ann would be prohibited by prosecutorial immunity.

Likewise, circuit court clerks enjoy absolute immunity, albeit more narrow than judicial immunity, "from actions for damages arising from acts they are specifically required to do under court order or at a judge's discretion . . . ." *Hyland v. Kolhage*, 267 F. App'x 836, 842 (11th Cir. 2008) (quoting *Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. 2021)). The proposed First Amended Complaint makes no specific allegations against Bishop. Construing it liberally, Williams likely asserts Bishop failed to enforce procedural rules or notify proper entities based on procedural standards. Regardless, those actions or omissions are part of Bishop's official duties based on a court's order or applicable law. Accordingly, Williams'ss individual capacity allegations against Bishop are preempted by absolute immunity.

Third, Williams's underlying allegations do not state a valid claim for relief. The Federal Rules of Civil Procedure apply only to federal courts. An Alabama state court's disregard for the Federal Rules does not create a cause of action. Fed. R. Civ. P. 1 ("These

7

rules govern the procedure in all civil actions and proceedings in the United States district courts[.]"); *Sargeant v. Hall*, 951 F.3d 1280, 1287 (11th Cir. 2020) ("The Federal Rules of Civil Procedure are designed to regulate conduct in federal court[.]"). Likewise, 28 U.S.C. § 2403 solely applies to federal courts by its plain language, and a state court's neglect to follow it does not provide Williams a cause of action. 28 U.S.C. § 2403 (2018) ("In any action, suit or proceeding in a court of the United States. . . ."); *Ga. Ass'n of Retarded Citizens v. McDaniel*, 855 F.2d 805, 810 n.3 (11th Cir. 1988) (noting the proper remedy for violations of 28 U.S.C. § 2403 is to permit the United States Attorney General to intervene). Lastly, state courts are not required to adhere to precedent from federal courts or other states. *Johnson v. Williams*, 568 U.S. 289, 305 (2013). Courts generally may disregard binding precedent in certain limited circumstances. *Payne v. Tennessee*, 501 U.S. 808, 827–28 (1991); *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F3d 1076, 1096 (11th Cir. 2017); *Ex parte State Farm Fire & Casualty Co.*, 764 So.2d 543, 545 (Ala. 2000). Williams's precedential argument, consequently, does not create a valid claim for relief. In sum, granting his motion to amend would be futile because his proposed First Amended Complaint fails to state a claim and is barred by relevant affirmative defenses.

### III.   CONCLUSION

Accordingly, the undersigned Magistrate Judge RECOMMENDS:

1. The State's Motion to Dismiss (Doc. 8) be GRANTED.

2. Williams's Motion to Amend (Doc. 13) be DENIED.

3. This case be DISMISSED.

Further, it is ORDERED that by **October 4, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made.  Frivolous, conclusive, or general objections will not be considered by the Court. This Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH Cir. R. 3–1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 20th day of September, 2022.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE